UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANNE MARIE GRECO and
IAN SUTHERLAND,

                Plaintiffs,

    -against-

HUNTINGTON HOSPITAL and
NORTHWELL HEALTH,
INC.,

                Defendants.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
22-CV-3992 (JMA) (AYS)

**FILED**
**CLERK**
7/19/2022 2:23 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Before the Court are the applications to proceed in forma pauperis filed by Plaintiffs Anne Marie Greco and Ian Sutherland. (See ECF Nos. 2–3.)[1] For the following reasons, the applications are denied and Plaintiffs are ordered to remit the $402.00 filing fee within fourteen days to proceed with this case.

The purpose of the in forma pauperis statute is to ensure that indigent persons have equal access to the judicial system. See Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. See DiGianni v. Pearson Educ., No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y.

---

[1] Sutherland also filed an application for the appointment of pro bono counsel to represent him in this case. The Court holds the application in abeyance pending payment of the filing fee.

Apr. 30, 2010) (citation omitted). The court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiffs' applications make clear that they can remit the $402 filing fee and still provide themselves with the necessities of life. (See ECF Nos. 2–3.) Greco reports that she is unemployed and receives monthly disability and/or worker's compensation payments of $847. (See ECF No. 2 at ¶ 2.) She reports having $1,200 in cash or in an account, as well as bonds valued at $1,500. (Id. ¶¶ 4–5.) Greco reports regular monthly expenses for rent ($513) and medical bills ($297). (Id. ¶ 6.) She reports no dependents or debts. (Id. ¶¶ 7–8.)

As for Sutherland, he reports that he is employed and receives bi-weekly gross wages of $1,280. (ECF No. 3 at ¶ 2.) He also reports having received additional income in the last twelve months in the sum of $37,100 from stocks, cryptocurrency, freelance work, rental income, and gifts. (Id.) He reports having $8,000 in cash or in an account, as well as owning three houses valued at $125,000, a Tesla Model 3 vehicle valued at $54,000, and stocks and cryptocurrency valued at $30,000. (Id. ¶¶ 4–5.) Sutherland reports regular month expenses of approximately $2,800 for car expenses, electricity, and maintenance and repairs. (Id. ¶ 6.) Like Greco, Sutherland reports having no debts, financial obligations, or dependents (other than Greco). (Id. ¶¶ 7–8.)

As is readily apparent, Plaintiffs' financial positions reflect that they do not qualify for in forma pauperis status. Accordingly, their applications to proceed in forma pauperis are denied and they are directed to remit the $402.00 filing fee within fourteen days of the date of this Order. Plaintiffs are warned that a failure to timely comply with this Order may lead to the dismissal of the complaint without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules

of Civil Procedure.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of the Court shall mail a copy of this Order to the Plaintiffs at their address of record.

**SO ORDERED**.

Dated:    July 19, 2022
          Central Islip, New York                   /s/ (JMA)
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Plaintiffs are cautioned that there are no refunds of the filing fee, once paid, regardless of the outcome of the case.  Accordingly, Plaintiffs are well-advised to consider the merit of their claims as well as any threshold issues such as any limits on the Court's jurisdiction to adjudicate their claims.  Plaintiffs are encouraged to avail themselves of the free resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School.  Plaintiffs may contact the Program by telephone at 631-297-2575 or by e-mail at PSLAP@hofstra.edu.